## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:13CR329** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **ALEXANDER WHITCOMB,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on what appears to be two identical motions, Filing No. 39 and Filing No 40, both entitled Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by the Defendant, Alexander Whitcomb ("Whitcomb").   The Court has carefully review both documents and has determined that the claims made in both filings are the same and therefore will deny Filing No. 40 as moot and for purposes of its initial review, the Court will review Filing No. 39. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

The Defendant pled guilty to Counts I and II of an Information charging him with being an unlawful user of controlled substances in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Count I), and distribution of a controlled substance in or near a school in violation of 18 U.S.C. § 841(a)(1) and 860 (Count II).   Throughout the proceedings, Whitcomb was represented by court appointed counsel, Mark A. Weber.

Whitcomb's plea agreement included in pertinent part: The government's agreement to dismiss the Indictment at the time of sentencing; a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration of 56 months; a waiver of the right of appeal and collateral attack; and the Defendant's confirmation that he was satisfied with his counsel's representation.  (Filing No. 28, at 4,5.)

In his Petition to Enter a Plea of Guilty, signed on January 21, 2014, Whitcomb stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Court I was 10 years and Court II was 40 years; he was voluntarily pleading guilty because he *was* guilty; and he understood all the questions in the Petition.  (Filing No. 27.)

At the change of plea hearing on March 4, 2014, Whitcomb stated under oath: He understood the nature of the charges in Counts I and II and the elements of the offenses; he understood the statutory limits of the penalties that could be imposed; he agreed to a specific sentence that would include 56 months incarceration; he waived his right to appeal and his right to contest his conviction and sentence in post conviction proceedings except in limited circumstances set out in the plea agreement; he gave up any right to withdraw his plea of guilty; he understood the terms of the plea agreement including the agreed-upon 56 month sentence; he read the plea petition and plea agreement and answered all the questions in the petition under oath; he understood and signed the plea petition and plea agreement; he was satisfied with Weber's representation.

On March 4, 2014, Whitcomb's plea was accepted and he was found guilty of Counts I and II of the Information.  At the sentencing hearing held on June 9, 2014, the Court accepted the Plea Agreement and Whitcomb was sentenced according to its terms

On June 11, 2015, Whitcomb filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 39), alleging that his counsel was ineffective.

## DISCUSSION

In his § 2255 motion, Whitcomb argues that he received ineffective assistance of counsel for the following reasons: failure to procure and/or investigate exculpatory evidence; failure to explain the language used within the Plea Agreement and relevant proceedings; failure to review the discovery materials and provide possible defense(s) for same; and misadvice concerning the accusation of being a "user" of a controlled substance.

To establish ineffective assistance of counsel, Whitcomb must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.  "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the

proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

In Whitcomb's plea agreement he waived his right to seek post-conviction relief based on ineffective assistance of counsel except "if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement." (Filing No. 28 at 5.)

The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that the Defendant was satisfied with the advice and performance of counsel. The Defendant executed both the Plea Agreement and Petition to Enter a Plea Guilty, and stated he understood all the questions contained therein, and that he was guilty of the crimes alleged in Counts I and II (Filing No. 27 at 8). The colloquy at the time of the plea hearing confirmed repeatedly the voluntary nature of his plea.

The Court notes that Mark Weber has served as a CJA Panel attorney in this district for many years and is a highly experienced, well-respected criminal defense attorney. The alleged grounds for the Defendant's dissatisfaction with counsel's performance are all matters that were known to the Defendant at the time of the plea. Whitcomb's complaints about Weber's representation do not rise to a level showing that Weber performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Whitcomb demonstrated any reasonable

probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

## CONCLUSION

For the reasons discussed, Whitcomb cannot prove either prong of the *Strickland* test.  Accordingly,

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 39);

2.      The Court summarily dismisses the Defendant's § 2255 motion;

3.      A separate Judgment will be issued denying the § 2255 motion;

4.      The Defendant's identical Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 40) is denied as moot; and

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of July, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge